# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                        No. 3:13-cr-30141-DRH-1

**DAVID JON RAY,**

    **Defendant.**

==============================
**LAURA GOSLING,** *as Trustee of the*
*Betty J. McGowan, 2001 Trust*,

    **Interested Party/Garnishee.**

## GARNISHEE ORDER

**HERNDON, District Judge:**

A Writ of Garnishment (Doc. 90), directed to Garnishee Laura Gosling, as Trustee of the Betty J. McGowan 2001 Trust ("Trust"), which includes the sub-trust established by the Trust and for the benefit of Catherine Ray during her lifetime ("Sub-Trust"), has been duly issued and served upon Garnishee. Pursuant to the Writ of Garnishment, Garnishee filed an Answer on October 3, 2017, stating at the time of service of the Writ of Garnishment she had in her possession or under her control funds (non-wages) subject to the Writ of Garnishment, and in the form of a future and expectant distribution to David Ray from the Trust in the amount of $50,000.00 (Doc. 92), and additional future and expectant distributions to David Ray from the Trust and Sub-Trust upon

calculating the Trust's expenses and death of Catherine Ray (Doc. 92). Garnishee's Answer also notes Garnishee has been served with a previous garnishment arising out of a judgment entered in favor of the Maag Law Firm, LLC against Defendant David Jon Ray (Doc. 92).

The Defendant acknowledged receipt of the Application for Writ of Garnishment, Notice of Continuing Garnishment, and Writ of Continuing Garnishment and waived personal service of those documents. The Defendant also acknowledged his right to assert exemptions and request a hearing on those exemptions, but waived those rights in writing (Doc. 93).

The United States of America, the Maag Law Firm, LLC, and Garnishee have entered into a stipulation resolving the dispute concerning the priority of their respective garnishments and agreed the proceeds of this garnishment should be distributed with 75% going to the United States of America and 25% to the Maag Law Firm, LLC.

Accordingly, the Court **ORDERS** Garnishee to pay funds resulting from the $50,000 distribution from the Trust to David Ray in the amount of $37,500.00 to the Plaintiff. Payment should be made to the Clerk of the District Court, 750 Missouri Avenue, East St. Louis, Illinois 62201. Defendant's name and the case number must be included with the payment.

The Court further **ORDERS** Garnishee to pay funds in the amount of $12,500.00 to the Maag Law Firm, LLC, 22 W. Lorena Ave., Wood River, Illinois, 62095.

The Court further **ORDERS** Garnishee, within forty-five (45) days of finalizing the calculation of the Trust's expenses, to pay funds resulting from any additional distribution from the Trust to David Ray to the United States of America and the Maag Law Firm, LLC with 75% of any additional distribution being paid to the United States of America and 25% of any additional distribution being paid to the Maag Law Firm, LLC.  The Court further ORDERS Garnishee, within forty-five (45) days of the death of Catherine Ray or winding up of the Sub-Trust, whichever is later, to pay funds resulting from any distribution from the Sub-Trust to David Ray to the United States of America and the Maag Law Firm, LLC with 75% of any additional distribution being paid to the United States of America and 25% of any additional distribution being paid to the Maag Law Firm, LLC.

Plaintiff shall provide a copy of this Order to the Garnishee.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.04
13:19:14 -06'00'

**UNITED STATES DISTRICT JUDGE**